HARRIS v. LEMLEY.

Opinion delivered December 10, 1917.

1. CONTRACTS—ABANDONMENT—PROOF—A. and B. each made deeds to blocks of land owned by them, to a school board, they agreeing with each other that the party whose land was not taken should pay the other a certain sum of money. The school board returned both deeds; A. sold a portion of his property, and B. entered into a similar agreement with one W. After the lapse of three years the school board accepted A.'s property, and A. sued B. for the sum named in the original contract. *Held,* the contract was abandoned by lapse of time and acts of the parties, and that there was no duty upon B. affirmatively to prove an abandonment.

2. CONTRACTS—ABANDONMENT—PROOF OF RENEWAL.—Under the above facts, where A. asserted that the contract had been renewed, the burden was upon him to prove it.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*John F. Clifford,* for appellant.

1. There is but one question in this case. Did Lemley, by his uncommunicated intention to abandon, or recede from, his verbal contract, relieve himself from liability, Harris innocently proceeding thereunder and deeding his property?

The contract was binding and there was no time limit. The parties were competent, the agreement lawful and performance possible. It was never discharged by operation of law, nor rescinded by mutual consent of parties. Both parties must agree to rescind. 93 Ark. 447; 26 *Id.* 309; Elliott on Cont., par. 1857; 6 R. C. L. 921-3; 9 Cyc. 593; 47 Ark. 527.

2. A verdict should have been directed for plaintiff. 76 Ark. 603.

3. It was error to refuse plaintiff's instructions, and in placing the burden of proof upon appellant. Lemley's so-called withdrawal was never communicated to Harris, nor was the agreement abandoned or rescinded by mutual consent.

*J. T. Bullock,* for appellee.

1. The deeds became null and void and were returned by the school board to the parties. The contract then became null and void, and ceased to exist. Lemley withdrew from the contract and Harris knew it and notice was unnecessary.

2. The case was properly submitted to the jury. There is no prejudicial error, and the verdict should be sustained. 94 Ark. 115; 100 *Id.* 330; 101 *Id.* 120.

HUMPHREYS, J. Appellant instituted this suit against appellee in the Pope Circuit Court to recover $250 growing out of an alleged contract entered into between them, at a time not fixed in the complaint, to the effect that each had offered adjoining blocks of land to the school board of Russellville for a school site with the un-

derstanding between themselves that if appellant's block was accepted by the school board appellee would pay him $250, and if appellee's block was accepted, appellant would pay him $250. It was further alleged that appellant's block was selected; that he deeded the block to the district; that the school building was erected thereon and that appellee had failed to pay him $250, one-half the agreed value of his block.

Appellee answered in substance that two or three years before the site was selected, such an agreement was entered into between him and the appellant, but that the school board declined to accept either block; that the school board returned their deeds which had been deposited subject to acceptance; that he had conveyed away a portion of the block and that houses had been erected thereon and that the original contract had been abandoned by both; and further denied that any contract existed between them concerning the location of the school building in May, 1914, when the school board selected appellant's block of land and constructed a school building thereon.

The undisputed evidence disclosed that appellant and appellee deposited their deeds to the respective blocks in question in the year 1910 with the school board as a donation in case the school board would construct a school building thereon; that appellant and appellee agreed between themselves that if the school board desired only one block and should select appellant's block that appellee would pay appellant $250, or one-half of the value thereof, or *vice versa;* that within the time specified in the deed, the school board declined to select either lot as a school site and returned the deeds to the parties; that thereafter appellee disposed of five of the lots in his block and buildings were erected thereon; that subsequent to that time appellee and J. A. Webb made about the same proposition to the school board with reference to the donation of different property; that three or four years elapsed between the date of the contract and time appellant deeded his block to the school board; that appellant had knowledge

of these facts at the time he conveyed the block in question to the school district on the 14th day of.May, 1914.

There is a material conflict in the evidence as to whether there was a renewal of the original contract between the parties. Appellant testified that he had conversations with appellee at intervals in which the original contract was reaffirmed. Appellee denied ever having the conversations with appellant in which he renewed or continued the original contract. The cause was submitted to the jury upon the pleadings, oral evidence and instructions of the court, and a verdict was returned and judgment rendered in favor of appellee, from which an appeal has been prosecuted to this court.

It is insisted that the court erred in placing the burden of proving the contract upon appellant, it being contended that by the pleadings the contract was admitted and that an avoidance by abandonment was pleaded. In other words, that the court erred in refusing to instruct the jury that the burden was upon appellee to prove abandonment of the contract.

(1) The undisputed evidence clearly established abandonment in law of the original contract. The school board refused to accept either deed and returned them to appellant and appellee. Appellee changed his situation by disposing of a part of the block. Intervening rights of third parties in appellee's block were established in such way that appellant must and should have taken notice of it for the reason that the purchasers erected houses on a part of appellee's block. Appellant also had knowledge that appellee had joined J. A. Webb in making a proposition of the same nature with respect to other property. If the original contract was made in 1910, according to the evidence of appellee, four years elapsed between the making thereof and the date appellee deeded his block to the school board. If made in 1911, according to the evidence of appellant, then three years elapsed between the making of the contract and the execution of the deed aforesaid. The law would imply that a reasonable time only might elapse before performance. Either

three or four years would be an unreasonable time. It was not error for the court to refuse to instruct the jury that the burden was upon appellee to prove abandonment of the original contract since the undisputed evidence established an abandonment of the original contract in law.

(2) Treating the pleadings as amended to conform to the proof, the only issue in the case was whether or not there was a renewal of the original contract. The affirmative of this proposition was upon appellant. It therefore follows that the burden was upon appellant to establish a renewal of the original contract. This issue was submitted to the jury under correct instructions.

It is insisted that the court erred in giving the following instruction:

"You are further instructed that either of said parties had a right to withdraw from the alleged mutual obligation at any time before the school building site was selected, and if you find that said mutual obligation was abrogated by the withdrawal of either party, then your verdict should be for the defendant unless after such withdrawal said mutual contract was renewed."

This instruction clearly referred to a withdrawal from the original contract. The original contract was abrogated by abandonment. The instruction had no place in the case as the undisputed proof showed that the original contract had been abandoned. As appellant had no rights under the original contract, an instruction that either party might withdraw from it could in no way prejudice appellant. It did not mislead the jury for the reason that it referred to the original contract and not to the renewal thereof. The instruction stated that appellant might recover if the original contract was renewed, notwithstanding the withdrawal, clearly showing that it had reference to a withdrawal from the original and not the new contract, if any were made. Under this view of the case it is unnecessary for us to decide whether either party had a right to withdraw from the contract before acceptance by the school board.

The judgment is affirmed.